605 S.E.2d 532

**In the Matter of Michael V. HART, Respondent.**

**No. 25889.**

Supreme Court of South Carolina.

Submitted Oct. 8, 2004.

Decided Nov. 8, 2004.

Henry B. Richardson, Jr., Disciplinary Counsel, and Barbara M. Seymour, Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Desa A. Ballard, of West Columbia, for respondent.

PER CURIAM:

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to either an admonition or a public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## FACTS [1]

### Matter I

Respondent was admitted to practice law in 1988. Until approximately March 2003, respondent worked for several law firms, primarily representing plaintiffs or claimants. From March 2003 through April 2004, respondent operated a solo practice in which he handled personal injury cases on a contingency fee basis.

In connection with his solo practice, respondent failed to maintain accurate or complete client ledgers, a check register or accounting journal, monthly account reconciliations, or any other system to facilitate the reliable identification of clients who had funds in his accounts and the balance of those funds. During that same period, respondent failed to maintain copies or originals of checks written on his operating or trust account. Respondent relied primarily on check stubs, on-line banking, and his own recollection to monitor the flow of funds through his accounts. As a result, respondent was unable to identify client funds remaining in accounts at any given point in time.

It was respondent's practice to deposit a client settlement check into his trust account, confirm that the check had

---

1. Both matters were initiated by respondent's self-report.

cleared, and then electronically transfer the funds from the trust account to his operating account. Respondent then disbursed funds to and on behalf of clients from the operating account. This practice was based on respondent's erroneous belief that his former employer, a more experienced attorney, processed settlements in this matter.

Respondent left a portion of his fees from client settlements in his trust account as a cushion. Respondent's remaining fees from settlement funds often remained in his operating account for his use in connection with operating his law office and for his personal use. Respondent failed to maintain records to ensure an accurate accounting of his accumulated fees in the trust account and the operating account. Although no client or client creditor has complained that payment was not received, respondent acknowledges that he should have processed client settlements using only his trust account and that his deposit of client funds and earned fees into his operating account constituted commingling.

Respondent prepared and negotiated eight operating account checks payable to cash. Additionally, respondent used a debit or cash card to pay office expenses, to purchase personal items, and to make cash withdrawals from the operating account. Respondent acknowledges that, because it contained client funds, his operating account was a de facto trust account and that it was improper to make disbursements from that account in cash. Respondent's cash transactions and payments for office expenses and personal items were made from what respondent believed to be earned fees remaining in his operating account. Although there is no indication respondent misappropriated client funds, he acknowledges that his lack of proper accounting and documentation raised a question of misappropriation and impaired his ability to confirm the integrity of client funds.

On at least six occasions, respondent negotiated client settlement checks for cash without depositing them into his trust account. Respondent failed to accurately and completely account for remittances of cash to these clients and to himself. Although respondent did this as an accommodation to his clients and no client has complained of not receiving funds due, respondent acknowledges that it was inappropriate to

make these disbursements in cash and to handle these settlements outside his trust account.

In addition to reporting this matter to the Commission on Lawyer Conduct, respondent retained an accountant with experience in law firm accounting. Respondent's accounts have now been reconciled and all client funds have been accounted for and properly disbursed. Respondent represents he now has in place accounting and recordkeeping practices that are fully compliant with the Rules of Professional Conduct, Rule 407, SCACR, and Rule 417, SCACR.

## Matter II

Of the approximately one hundred client files opened by respondent from March 2003 to April 2004, approximately seventy were referrals from other attorneys. These files were referred to respondent for the purpose of litigation and/or final settlement. Respondent's general agreement with the referring attorneys was to split any fees recovered on a fifty-fifty basis. Respondent acknowledges that this fee-splitting arrangement was not necessarily in proportion to the amount of work performed by each attorney and, therefore, a written agreement with the client in which both attorneys acknowledged full responsibility for the matter was required. Although the clients did consent to the referrals and no client has complained about the fee sharing arrangement, respondent and his referring attorney did not enter into the required written agreements with the clients regarding each attorney's responsibility for the matters in violation of Rule 1.5 of the Rules of Professional Conduct, Rule 407, SCACR.

## LAW

Respondent admits that by his misconduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.5 (division of fees between lawyers who are not in the same firm may be made only if the division is made in proportion to the services performed by each attorney or, by written agreement with the client, each lawyer assumes joint responsibility for the representation) and Rule 1.15 (lawyer shall hold property of clients in his possession separately from the lawyer's own property). In addition,

respondent agrees he has violated Rule 417, SCACR. Respondent acknowledges his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## *CONCLUSION*

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.